**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3136-17T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

RASOOL MCCRIMMON, a/k/a
RASOOL W. MCCRIMMON,
DAHEEM MCWRITTE,
ANTHONY M. WOODS, and
OOKIE,

    Defendant-Appellant.

_____

Submitted April 3, 2019 – Decided May 1, 2019

Before Judges Vernoia and Moynihan.

On appeal from Superior Court of New Jersey, Law Division, Essex County, Indictment No. 05-01-0054.

Rasool McCrimmon, appellant pro se.

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Lucille M. Rosano, Special Deputy Attorney General/Acting Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Rasool McCrimmon appeals from a November 30, 2017 order denying his third post-conviction relief (PCR) petition without an evidentiary hearing. We affirm.

In 2007, defendant was convicted by a jury of first-degree purposeful and knowing murder, N.J.S.A. 2C:11-3(a)(1) and (2), third-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b), and second-degree possession of a weapon, N.J.S.A. 2C:39-4(a), and sentenced to an aggregate fifty-year sentence subject to the requirements of the No Early Release Act, N.J.S.A. 2C:43-7.2. We affirmed defendant's conviction and sentence on direct appeal, State v. McCrimmon (McCrimmon I), No. A-0477-07 (App. Div. Aug. 18, 2011), and the Supreme Court denied defendant's petition for certification, State v. McCrimmon, 209 N.J. 232 (2012).

Defendant filed a PCR petition in 2012, asserting in part that his trial counsel was ineffective by failing to inform him that he was exposed to a minimum sentence of thirty years without parole if convicted of murder at trial. Defendant asserted that had he been advised of his sentencing exposure, he

would have accepted the State's seven-year plea offer and not proceeded with the trial.[1]

The PCR court conducted an evidentiary hearing. Defendant's trial counsel testified he discussed the State's plea offer with defendant and, although he did not have a specific recollection of discussing with defendant the minimum sentence that could be imposed if defendant was convicted at trial, he could not "conceive of" not telling defendant about his minimum sentencing exposure and "at some point" he would have explained the exposure to defendant. The court found trial counsel's testimony credible and that trial counsel explained the minimum sentencing exposure to defendant prior to defendant's rejection of the plea offer. The court entered an order denying defendant's PCR petition, and defendant appealed.

On defendant's direct appeal from the PCR court's order, we found "the record support[ed] the PCR court's conclusion that trial counsel advised defendant of his minimum sentencing exposure if convicted at trial," noted the PCR court credited trial counsel's testimony to that effect and deferred to the court's factual findings. State v. McCrimmon (McCrimmon II), No. A-5818-13

_____

[1] Defendant asserts that the State's plea offer was communicated after the commencement of the trial.

A-3136-17T4

(App. Div. Feb. 16, 2017) (slip op. at 11-12). We concluded defendant neither demonstrated his trial counsel's performance was deficient nor that "if [defendant] had been advised of his minimum sentencing exposure, there is a reasonable probability he would have accepted the State's plea offer." Id. at 13. We affirmed the PCR court's denial of the petition, id. at 25, and the Supreme Court denied defendant's petition for certification, State v. McCrimmon, 233 N.J. 119 (2017).

On April 2, 2015, defendant filed a second PCR petition. Defendant claimed that his trial counsel was ineffective by failing to investigate a purported key witness. In a July 16, 2015 order, the court denied the petition without an evidentiary hearing. Defendant did not appeal from the court's denial of his second PCR petition.

On November 30, 2016, defendant filed his third PCR petition in which he reprised his assertion that his trial counsel was ineffective by failing to advise him of his minimum sentencing exposure if convicted at trial prior to his decision to reject the State's plea offer and proceed to trial. In support of the petition, defendant presented a March 22, 2016 affidavit from his trial counsel stating "[t]here is a distinct possibility that [he] did not advise [defendant] that if the trial resulted in a conviction, he would be facing [thirty] years to life in

prison." Defendant argued trial counsel's assertion that there was a possibility he did not advise defendant about his minimum sentencing exposure constituted a newly discovered factual predicate for the filing of a third PCR petition under Rule 3:22-4(b)(2)(B).

In a detailed November 30, 2017 written decision and order, the PCR court denied the petition. The court explained that Rule 3:22-4(b) requires the dismissal of a second or subsequent PCR petition unless the defendant demonstrates that it is timely under Rule 3:22-12(a)(2), and, in pertinent part,[2] alleges on its face:

> [T]hat the factual predicate for the relief sought could not have been discovered earlier through the exercise of reasonable diligence, and the facts underlying the ground for relief, if proven and viewed in light of the evidence as a whole, would raise a reasonable probability that the relief sought would be granted.
>
> [R. 3:22-4(b)(2)(B).]

The court also noted that the pertinent portion of Rule 3:22-12(a)(2) provides that second or subsequent PCR petitions may not be filed more than one year after "the date on which the factual predicate for the relief sought was

---

[2] Defendant relies solely on subsection (B) of Rule 3:22-12(a)(2) to support the filing of his third PCR petition.

discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence." R. 3:22-12(a)(2)(B).

The court found defendant's third PCR petition was not timely filed. R. 3:22-12(a)(2)(B). The court noted that the factual predicate supporting the petition is trial counsel's assertion that there is a possibility he did not discuss with defendant his minimum sentencing exposure. The court explained, however, that trial counsel's discussions with defendant concerning his minimum sentencing exposure were addressed during counsel's testimony at the October 25, 2013 evidentiary hearing on the first PCR petition, the PCR court on the first petition accepted trial counsel's testimony he would have discussed the sentencing exposure with defendant "as it was his practice to do so," and defendant failed to demonstrate that the newly-minted factual predicate "could not have been discovered earlier through the exercise of reasonable diligence." The court noted that the identical issue—what defendant's trial counsel told him about his sentencing exposure—was the subject of the evidentiary hearing on his first PCR petition and that trial counsel's certification does not raise any issues that were not previously addressed during the proceedings on the first PCR petition.

The court further found that even if the petition was timely, it is barred under Rule 3:22-4(b)(2)(B) because defendant failed to demonstrate the factual predicate could not have been discovered earlier through the exercise of reasonable diligence, and the factual predicate, when considered in light of the evidence as a whole, does not raise a reasonable probability that the relief sought would be granted. The court noted that trial counsel's certification also states that there were never any meaningful settlement negotiations with the State because it was counsel and defendant's view that the State's case was weak because it was dependent on a single witness who they viewed as not credible.

Defendant appealed the PCR court's order denying the petition. Defendant offers the following arguments for our consideration:

> POINT I
>
> THE PCR JUDGE ERRED BY DENYING PETITIONER'S APPLICATION FOR POST CONVICTION RELIEF UNDER [RULE] 3:22-12(a)(2).
>
> POINT II
>
> PCR COURT ERRED WHEN HE DENIED THE PETITION UNDER [RULE] 3:22-4(B)(2)(B).

Where, as here, the court denied defendant's PCR without an evidentiary hearing, we "conduct a de novo review" of the court's order. State v. Jackson,

454 N.J. Super. 284, 291 (App. Div.) (quoting State v. Harris, 181 N.J. 391, 421 (2004)), certif. denied, 236 N.J. 25 (2018). We have conducted that review here, considered defendant's arguments in light of the record and find they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We affirm substantially for the reasons set forth in the court's written decision and order, and add only the following comments.

Defendant's trial counsel's certification, which provides the singular purported factual predicate supporting the third PCR petition, does not contradict the testimony he offered during the October 2013 evidentiary hearing on the first PCR petition or assert any new facts that were not considered and addressed by the court during the October 2013 evidentiary hearing. Trial counsel's March 2016 certification allows only a possibility he did not discuss with defendant his sentencing exposure. However, trial counsel acknowledged at the October 2013 hearing he had no specific recollection of informing defendant of his minimum sentencing exposure if he was convicted at trial and, thus, acknowledged at that time there was a "possibility" he did not advise defendant about his sentencing exposure. But following the evidentiary hearing, the PCR court found credible trial counsel's other testimony he could not conceive of not advising defendant of his sentencing exposure and he would

have done so at some point. We affirmed the court's findings on defendant's direct appeal from the denial of his first PCR petition. McCrimmon II, slip op. at 11-12.

The factual predicate supporting the third PCR petition was either known to defendant or could have been learned through the exercise of reasonable diligence no later than during the October 2013 evidentiary hearing on the first PCR petition. As correctly determined by the PCR court, defendants' third PCR petition was therefore time barred under Rule 3:22-12(a)(2)(B). See Jackson, 454 N.J. Super. at 292-93 (explaining that the one-year time limitation for the filing of a second or subsequent PCR petition may not be enlarged). Moreover, because the PCR court on defendant's first petition was aware of, but rejected, the possibility that trial counsel did not inform defendant of his sentencing exposure, the record wholly undermines any claim that trial counsel's newly proffered statement raises a reasonable probability that PCR would be granted. R. 3:22-4(b)(2)(B).

Defendant also fails to demonstrate that there is a reasonable probability that but for his counsel's alleged failure to inform him of his sentencing exposure, he would have accepted the State's plea offer and not proceeded with the trial. See State v. O'Donnell, 435 N.J. Super. 351, 376 (App. Div. 2014)

A-3136-17T4

(explaining that to obtain PCR based on alleged ineffective assistance of counsel related to entry of a plea, the defendant must present "sufficient evidence to show 'a reasonable probability that, but for counsel's errors, [he] would not have pleaded guilty and would have insisted on going to trial'" (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985))). Defendant further failed to demonstrate that "had he been properly advised, it would have been rational for him to decline the plea offer and insist on going to trial and, in fact, that he probably would have done so[.]" State v. Maldon, 422 N.J. Super. 475, 486 (App. Div. 2011) (citing Padilla v. Kentucky, 559 U.S. 356, 372 (2010)). His conclusory assertions to that effect are insufficient to sustain his burden. See State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999) (holding "bald assertions" are insufficient to sustain a defendant's burden of establishing entitlement to PCR).

Trial counsel's certification explains that neither he nor defendant were interested in a plea agreement because they "were of the mutual opinion that the State's case was very weak because the only alleged eyewitness to the crime . . . had given contradictory versions of what had occurred." Trial counsel further states "there was no physical evidence that linked [defendant] to the murder," the "critical issue" at trial was the "credibility" of the eye witness whose

"testimony was fraught with contradictions," and he "advised [defendant] that there was a strong likelihood that he would be acquitted."

Trial counsel's certification demonstrates that based on a reasoned assessment of the State's case, he and defendant were not interested in a plea agreement because they shared the view defendant would be acquitted. Thus, the certification undermines any claim it would have been rational for defendant to have rejected the plea and proceeded with the trial, and he would have done so. Maldon, 422 N.J. Super. at 486. The record supports the PCR court's finding that the purported newly discovered factual predicate for defendant's third PCR petition fails to raise a reasonable probability that PCR would be granted. See R. 3:22-4(b)(2)(B).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION